787 F.2d 592
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rebecca L. Ross, Plaintiff-Appellee,
Ronald L. Nichols; Kenneth Argo; William Klaus, Third Party
Plaintiffs-Appellees,
v.
Albert G. Giles, in his capacity as Administrator of the
Board of Review, Ohio Bureau of Employment
Services; Samuel Lopeman; Raymond Ross;
Rollin D. Jauchius,
Defendants-Appellants.
 85-4046
 United States Court of Appeals, Sixth Circuit.
 3/14/86
 
 APPEAL DISMISSED
 S.D.Ohio
 ORDER
 Before: ENGEL, MILBURN, and RYAN, Circuit Judges.
 
 
 1
 Plaintiffs move to dismiss defendants' appeal on the basis that the order appealed from was interlocutory and nonappealable. Defendants have filed a response in opposition to dismissal and plaintiffs have filed a reply.
 
 
 2
 Plaintiffs commenced this class action under 42 U.S.C. Sec. 503(a) against the Administrator of the Board of Review, Ohio Bureau of Employment Services (OBES) and other members of the Board of Review. Plaintiffs allege that OBES, as a matter of policy, unreasonably delays the scheduling of second level appeals involving unemployment compensation benefits. Plaintiffs waited two to three years between the time they first filed for benefits and the time final decisions were rendered. magistrate granted partial summary judgment for plaintiffs by entering a declaratory judgment that defendants were not rendering timely, second level appeals decisions in the administration of the Ohio unemployment insurance benefits program. Defendants were ordered to formulate a plan to promptly hear and decide second level appeals by January 6, 1986. A trial on the remedy was scheduled for February, 1986. Defendants appealed.
 
 
 3
 In opposition to dismissal defendants argue that the order entered by the magistrate is appealable under 28 U.S.C. Sec. 1292(a)(1) because the magistrate granted injunctive relief to plaintiffs by ordering the formulation of a plan for timely second level hearings and decisions. In reply plaintiffs argue that defendants incorrectly characterize the magistrate's order as an injunction and that an order requiring submission of a proposed plan for remedying an unlawful action is not an appealable interlocutory order.
 
 
 4
 Upon consideration, we conclude that the motion to dismiss must be granted. A district court order is appealable if it qualifies either as a final judgment under 28 U.S.C. Sec. 1291, or an '[i]nterlocutory order . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions' under Sec. 1292(a)(1). In the instant case the district court's order does not specifically grant or deny an injunction. However, an order which does not expressly grant or deny an injunction, but has the practical effect of doing so may be immediately appealable under Sec. 1292(a)(1) if 'a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable consequence,' and that the order can be 'effectively challenged' only by immediate appeal. . . .' Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); Gillis v. United States Dept. of HHS, 759 F.2d 565, 567 (6th Cir. 1985). The magistrate's order does not have the effect of granting an injunction; therefore, it is not appealable under Sec. 1292(a)(1). However, even if it is assumed arguendo that the order requiring defendants to formulate a plan which complies with the statute has the effect of granting an injunction, defendants cannot satisfy the two part test established in Carson. First, defendants cannot demonstrate that they will suffer any serious consequences if an immediate appeal is not allowed. All that they were ordered to do was to formulate a plan which complies with the statute. They were not ordered to effectuate the plan. Moreover, the trial on the remedies has not begun. Hence, defendants are not threatened with injury. Second, defendants cannot show that an immediate appeal is necessary to effectively challenge the order. Dismissal of this appeal will not preclude an effective appeal if one is considered necessary after the trial.
 
 
 5
 Accordingly, it is ORDERED that plaintiffs' motion to dismiss is granted.